No. 24-1274

## In the
# United States Court of Appeals
## for the Seventh Circuit

MELANIE HOEG, et al.,

*Petitioners-Appellees,*

v.

SAMSUNG ELECTRONICS AMERICA, INC.

*Respondent-Appellant.*

On Appeal from the United States District Court for the
Northern District of Illinois, Case No. 1:23-cv-01951,
Hon. Harry D. Leinenweber, *United States District Judge*

**SAMSUNG'S STATEMENT OF POSITION
PURSUANT TO THE COURT'S MARCH 18, 2024, ORDER**

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

*Counsel for Respondent-Appellant Samsung Electronics America, Inc.*
*(additional counsel information on inside cover)*

*Additional counsel information continued from front cover*

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondent-Appellant Samsung Electronics America, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................... iii

SAMSUNG'S STATEMENT OF POSITION PURSUANT TO THE
    COURT'S MARCH 18, 2024, ORDER ........................................................1

BACKGROUND ..................................................................................................4

    A.    Just as in *Wallrich*, the arbitration agreements that
        Appellees allegedly entered into here provide that the
        arbitration process is governed by the AAA Rules......................4

    B.    Just as in *Wallrich*, the alleged arbitration agreements give
        the AAA complete discretion over the arbitration process,
        including administrative fees. ...........................................................5

    C.    Just as in *Wallrich*, Appellees' counsel files over a
        thousand identical arbitration demands against Samsung,
        and threatens to file tens of thousands more. ...............................6

    D.    The AAA closes the cases given the parties' decision to
        mediate rather than arbitrate, and, just as in *Wallrich*, does
        not order Samsung to arbitrate or pay fees. ..................................7

    E.    Without refiling arbitration demands after mediation,
        Appellees file a standalone petition to compel arbitration,
        and, just as in *Wallrich*, the district court compels
        arbitration and payment of fees. .....................................................8

    F.    Just as in *Wallrich*, this Court stays the district court's
        order. ...................................................................................................11

ARGUMENT .......................................................................................................12

    A.    *Wallrich* makes clear that the district court and this Court
        have subject matter jurisdiction, and this Court has
        appellate jurisdiction. .....................................................................12

B.     Under *Wallrich*, Appellees failed to meet their evidentiary
       burden of showing that they each had a valid arbitration
       agreement with Samsung................................................................16

C.     Under *Wallrich*, the district court erred in compelling
       arbitration and payment of fees because arbitral-fee issues
       are for the arbitral body, not a court, to decide, and here,
       the AAA did not order Samsung to arbitrate or pay fees. .........18

CONCLUSION ....................................................................................20

CERTIFICATE OF SERVICE ..............................................................22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Jain v. de Méré,*
    51 F.3d 686 (7th Cir. 1995) ...............................................................................13

*Jones Day v. Orrick, Herrington & Sutcliffe, LLP,*
    42 F.4th 1131 (9th Cir. 2022).................................................................. 13, 14

*Wallrich v. Samsung Electronics America, Inc.,*
    No. 23-2842, 2024 WL 3249646
    (7th Cir. July 1, 2024)................................................................ 1, 2, 3, 4, 5, 6, 7,
    ........................................................................................... 8, 9, 10, 11, 12, 13,
    ...................................................................... 14, 15, 16, 17, 18, 19, 20

STATUTES, TREATY, AND RULE

Federal Arbitration Act,
    9 U.S.C. § 1 *et seq.*.................................................................. 1, 2, 12, 14

    9 U.S.C. § 3....................................................................................................15

    9 U.S.C. § 4.............................................................................. 1, 2, 8, 10, 14, 15

    9 U.S.C. § 16(a)(3) ....................................................... 2, 3, 12, 14, 15, 20

    Chapter 2, 9 U.S.C. §§ 201-208................................................ 12, 13

    9 U.S.C. § 202.................................................................................. 13, 14

    9 U.S.C. § 203.................................................................. 2, 12, 13, 14

Convention on the Recognition and Enforcement
    of Foreign Arbitral Awards,
    June 10, 1958.................................................................. 12, 13, 14

Fed. R. App. P. 30 ...............................................................................1

## SAMSUNG'S STATEMENT OF POSITION
## PURSUANT TO THE COURT'S MARCH 18, 2024, ORDER

Pursuant to the Court's March 18, 2024, Order, Samsung Electronics America, Inc. (Samsung), respectfully submits this statement of position addressing the effect of *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842, 2024 WL 3249646 (7th Cir. July 1, 2024), on this appeal. *See* ECF 20.

*Wallrich* controls every issue here, from jurisdiction to the merits. The Court should thus follow *Wallrich* and reverse. Samsung respectfully suggests that *Wallrich* obviates the need for briefing here under Federal Rule of Appellate Procedure 30, although Samsung stands ready to submit additional briefing if it would aid the Court's decisionmaking process.

Here, as in *Wallrich*, over one thousand individuals filed arbitration demands before the American Arbitration Association (AAA) alleging that Samsung had violated Illinois law. Samsung denied the allegations. The parties agreed to mediate and, the day Samsung's portion of the filing fees became due, jointly requested a stay pending mediation. The AAA, in its discretion and in line with its rules, instead administratively closed the arbitrations, affording Appellees the opportunity to refile their arbitration demands if mediation proved unsuccessful. Appellees instead petitioned the

district court to compel arbitration under 9 U.S.C. § 4 of the Federal Arbitration Act (FAA), just like the Appellees in *Wallrich*. And just as in *Wallrich*, the court ordered Samsung to arbitrate and to pay the associated AAA filing fees. Samsung appealed, disputing the existence of an arbitration agreement with each Appellee. Samsung also explained that, regardless, it had not refused to arbitrate or pay fees—and the AAA itself had not ordered Samsung to arbitrate or pay fees. Thus, the district court lacked authority to compel arbitration and require Samsung to pay fees.

1.      *Wallrich* makes clear that this Court has appellate jurisdiction and that this Court has and the district court had subject matter jurisdiction. The district court had subject matter jurisdiction under 9 U.S.C. § 203, because, just as in *Wallrich*, the alleged arbitration agreements arise from Appellees' alleged purchases of Samsung products (*i.e.*, a commercial relationship) and at least one of the parties to those agreements (Samsung Electronics Company, Ltd. (SEC)) is not a citizen of the United States. *See Wallrich*, 2024 WL 3249646, at *2. Additionally, this Court has appellate jurisdiction under 9 U.S.C. § 16(a)(3), because "the only issue before the district court [was] a petition to compel arbitration" under § 4. *Id.* at *3. Thus, "once

the court issue[d] its arbitration order (leaving nothing else for it to do), it render[d] a final decision that is appealable under § 16(a)(3)." *Id.*

2. Under *Wallrich*, Appellees failed to show that they each had a valid arbitration agreement with Samsung. *Wallrich* makes clear that Appellees "bore the burden of producing a valid arbitration agreement with Samsung." *Id.* at *6. Moreover, *Wallrich* held that the very information Appellees rely on to support their petition to compel arbitration, like their arbitration demands and their names and addresses, are "not enough" to carry their burden. *Id.* And while some—but not all—Appellees submitted conclusory declarations *in conjunction with a reply* supporting their motion to compel arbitration, that eleventh-hour effort does not come close to satisfying the "proverbial put up or shut up moment in a lawsuit," and this Court should not give Appellees "a second bite at the apple." *Id.* at *7.

3. Even assuming some of the Appellees carried their evidentiary burden of proof, *Wallrich* still mandates reversal, because Appellees, just like the alleged consumers in *Wallrich*, "cannot compel Samsung to pay the AAA's administrative fees." *Id.* at *9. That's because the alleged arbitration agreements, both here and in *Wallrich*, "delegated threshold arbitration fee disputes to the AAA," which has "discretion over the payment of

administrative filing fees." *Id.* at *7. And just as in *Wallrich*, once the AAA exercised its discretion to close the arbitration proceedings, "the district court did not have the authority to flout the parties' [alleged] agreement and disturb the AAA's judgment." *Id.*

## BACKGROUND

A.   **Just as in *Wallrich*, the arbitration agreements that Appellees allegedly entered into here provide that the arbitration process is governed by the AAA Rules.**

Just like *Wallrich*, this case concerns alleged arbitration agreements with Samsung. *See* ECF 11 (Stay Mot.) 7-8. Under the terms of those alleged agreements (*see* SA31-90), when an individual purchases or uses a Samsung device, they agree to arbitrate "all disputes" between them and "Samsung arising in any way from the sale, condition, or performance of the device." *Wallrich*, 2024 WL 3249646, at *1. Just as in *Wallrich*, each arbitration shall be conducted according to certain AAA rules, and "administrative … and arbitrator fees shall likewise 'be determined according to AAA rules' when … the damage claims exceed $5,000." *Id.*

**B. Just as in *Wallrich*, the alleged arbitration agreements give the AAA complete discretion over the arbitration process, including administrative fees.**

Under the AAA rules at issue both here and in *Wallrich*, *see* Stay Mot. 8-10, "the AAA 'has the discretion to apply or not to apply' any of its rules, including rules that cover administrative fees." *Wallrich*, 2024 WL 3249646, at *1. "These rules outline the initial filing fee requirements imposed on parties when 25 or more similar claims for arbitration are filed. In such cases, both the individual consumers and the business entity have initial filing fees due to the AAA before the arbitration can continue." *Id.*

"Despite this initial fee requirement, the AAA Supplementary Rules for Multiple Case Filings contemplate the scenario where one party refuses to pay its share of the filing fees." *Id.* "Rule MC-10(d) states, 'If administrative fees, arbitrator compensation, and/or expenses have not been paid in full, the AAA may notify the parties in order that one party may advance the required payment within the time specified by the AAA.'" *Id.* "In other words, if a business entity like Samsung refuses to pay the fees, the AAA will notify the consumers of the business's nonpayment, and if the consumers still wish to proceed, they can advance the business's fees." *Id.* "On the other hand, according to rule MC-10(e), if the consumers choose not to

advance the fees, 'the AAA may suspend or terminate the proceedings' and 'may also decline to administer future arbitrations with the parties involved.'" *Id.* (alteration adopted). "At that point, the rules specify that either party may choose to submit its dispute to the appropriate court for resolution." *Id.*

### C. Just as in *Wallrich*, Appellees' counsel files over a thousand identical arbitration demands against Samsung, and threatens to file tens of thousands more.

Appellees' counsel here took the same approach that the Labaton firm took in *Wallrich:* As part of their scheme to extract a massive settlement from Samsung, Appellees' counsel approached Samsung claiming to represent 31,461 individuals and demanding mediation to settle those claims. *See* Dist. Ct. Doc. 38, at 16. Then, after ignoring Samsung's offer to discuss the merits, *see* SA224-25, Appellees' counsel filed 1,044 individual arbitration demands with the AAA against Samsung. *See* SA22-23, SA28, SA12. Each demand was identical, alleging the same state-law violations as the *Wallrich* petitioners and seeking at least $5,000 in statutory damages. *See* SA135-53. Despite claiming to be a Samsung device owner, *see* SA137-38, no claimant provided evidence of ownership. Moreover, many of the claimants had already filed the same claims in *Wallrich*, where they had also petitioned to compel

arbitration. *See* Dist. Ct. Doc. 38 at 22-23. Appellees' counsel then threatened to file more arbitration demands, expanding their scheme to over 50,000 individuals. *Id.* at 17-18. Appellees' counsel did not provide Samsung with a full list of the threatened claimants, and the partial list it did provide included individuals with threshold issues concerning their ability to obtain relief, like being represented by other counsel on the same claims. *See id.* at 20-21.

**D.    The AAA closes the cases given the parties' decision to mediate rather than arbitrate, and, just as in *Wallrich*, does not order Samsung to arbitrate or pay fees.**

The parties subsequently agreed to mediate. SA203. On the day Samsung's portion of the filing fees became due if the parties wanted to arbitrate, *see* SA198, Samsung informed the AAA that the parties had agreed to mediate instead. SA203. (Appellees' counsel had already paid the claimants' portion of the filing fees. SA194.) The parties thus "jointly request[ed] that AAA stay the matter and all related deadlines"—including the due date for the remaining filing fees—"pending the outcome of … mediation." SA203.

The AAA "support[ed] the parties attempt to resolve their disputes … [in] mediation." SA206. But rather than "place the matters on hold," the

AAA exercised its discretion to administratively close the cases given that not all filing fees had been paid. *Id.* Additionally, the AAA made clear that "[s]hould the parties not settle these matters through mediation, the Claimant[s] may refile [their] cases." *Id.* The AAA did not order Samsung to pay fees.

### E. Without refiling arbitration demands after mediation, Appellees file a standalone petition to compel arbitration, and, just as in *Wallrich*, the district court compels arbitration and payment of fees.

**1.** The mediation ended without settlement. Rather than refile the arbitration demands, as the AAA advised—and thus without any pending request (or refusal) to arbitrate—Appellees' counsel filed a standalone petition to compel arbitration on behalf of 1,028 of the 1,044 arbitration claimants under 9 U.S.C. § 4. The petition asked the district court to order both Samsung and SEC to arbitrate and pay the fees. *See* SA19-30. Appellees' counsel further told the district court that it represents "approximately 60,000" claimants in total, "all of whom have identical claims." SA24.

Samsung notified the court that it had discovered that at least 241 (23%) of those 1,028 petitioners below were also petitioners in *Wallrich,* where those petitioners were making the exact same claims. *See* Dist. Ct. Doc.

38, at 22-23. Appellees' counsel, in response, claimed to have established a "protocol" with the *Wallrich* petitioners' counsel to ensure that no petitioner would "be represented by different law firms in separate arbitration or litigation." *Wallrich,* Dist. Ct. Doc. 41, at 2. Appellees' counsel nonetheless moved to compel arbitration a month later for *all* individuals, including the 241 overlapping petitioners. *See* Dist. Ct. Doc. 25, at i n.1.

In their motion, Appellees submitted no evidence showing that they each had arbitration agreements with Samsung. Instead, they relied entirely on their allegations in the petition. *See id.* at 9-10. Only later, in reply, did Appellees' counsel purport to withdraw the claims for 221 of the petitioners also represented by Labaton in *Wallrich, see* Dist. Ct. Doc. 43, ¶ 4, and submit substantially identical declarations for only some of the remaining petitioners, after Samsung had no opportunity to conduct discovery or otherwise respond. Each declaration conclusorily states that the individual used a range of Samsung devices—without saying which device or when or where they purchased it. *See, e.g.,* SA243.

**2.** Samsung moved to stay the *Hoeg* proceedings pending the appeal in *Wallrich,* because, in addition to the overlapping petitioners, the issues in *Wallrich* "significantly overlap with the issues" here. Dist. Ct. Doc.

48, at 2. Samsung notified the court that "[t]he Seventh Circuit has stayed this Court's Order in *Wallrich* pending the resolution of that appeal, and it has further ordered that the appeal be resolved on a highly expedited schedule, with … oral argument scheduled for February 15, 2024." *Id.* Samsung explained that it made sense to stay proceedings pending in *Hoeg* "[s]o that the Court and the parties have the benefit of the Seventh Circuit's ruling in the *Wallrich* Appeal." *Id.*

**3.**     The district court didn't wait for this Court's decision in *Wallrich*. Instead, after dismissing SEC because Appellees had submitted arbitration demands only as to Samsung, *see* SA12-13, SA17, the district court ordered Samsung to arbitrate with 806 of the original 1,028 Appellees and pay the fees, *see* SA13-17—including requiring arbitration with a number of overlapping Appellees who were granted relief in *Wallrich* before this Court stayed that order.

The district court decided the same issues presented in *Wallrich*. It first decided that it would compel Samsung to arbitrate because Appellees had "satisfactorily *pled* every element for the Court to compel arbitration under Section 4," including the existence of an "agreement to arbitrate." SA7-8, SA16-17 (emphasis added). The court held that "the party *opposing*

arbitration must identify a triable issue of fact concerning the existence of the agreement" even where the *moving* party submits no evidence (but instead merely allegations) of an arbitration agreement. SA9-10 (emphasis added). Placing the evidentiary burden on Samsung and relying on Appellees' allegations in the petition, the court compelled arbitration, even though many Appellees (like the *Wallrich* petitioners) submitted no evidence of an arbitration agreement. SA8-12.

Then, just as in *Wallrich,* the district court ruled that Samsung breached the alleged arbitration agreements by not paying the filing fees. SA12-17. Even though (a) the parties had agreed to mediate before the payment deadline; (b) Appellees had decided not to follow the AAA's suggestion to refile their arbitration demands if mediation was unsuccessful; and (c) the AAA had never ordered Samsung to pay fees, the court thought that Samsung's nonpayment was a refusal to arbitrate, so it ordered Samsung to arbitrate and pay the fees. *Id.*

**F.      Just as in *Wallrich*, this Court stays the district court's order.**

On March 18, 2024, this Court granted Samsung's motion to stay the district court's order pending appeal. ECF 20. It also suspended briefing in

this appeal pending resolution of *Wallrich* and ordered the parties to "file statements of position within 14 days of a decision in *Wallrich*." *Id.*

## ARGUMENT

*Wallrich* controls the outcome of this appeal. Just as in *Wallrich*, the Court has jurisdiction under 9 U.S.C. § 16(a)(3). Just as in *Wallrich*, Appellees failed to meet their evidentiary burden of showing that they each had a valid arbitration agreement with Samsung. And regardless, just as in *Wallrich*, the district court erred in compelling arbitration and payment of fees because arbitral-fee issues are for the arbitral body, not a court, to decide, and the AAA did not order Samsung to arbitrate or pay fees.

**A.** ***Wallrich* makes clear that the district court and this Court have subject matter jurisdiction, and this Court has appellate jurisdiction.**

**1.** The district court had subject matter jurisdiction under 9 U.S.C. § 203. *See* ECF 7, at 5-12. "Chapter 2 of the Federal Arbitration Act, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, confers subject matter jurisdiction upon district courts for actions or proceedings falling under the Convention, regardless of the amount in controversy." *Wallrich*, 2024 WL 3249646, at *2 (citing 9 U.S.C. § 203). "And an action to enforce an arbitration agreement falls under the

Convention if the agreement (1) arises out of a commercial relationship (2) that is not entirely between citizens of the United States." *Id.*

*Wallrich* held that "the district court had subject matter jurisdiction" under § 203 because "the consumers [allegedly] purchased electronic goods from Samsung," creating an alleged commercial relationship, and because "at least one of the parties, Samsung Electronics Co., Ltd., is not a citizen of the United States." *Id.* at *2.

The same is true here. The alleged arbitration agreements arose out of Appellees' alleged purchases of Samsung products, and at least one of the parties, SEC, is not a citizen of the United States. ECF 7, at 6. Although the district court dismissed SEC from the action because Appellees failed to provide SEC notice of their claims, that doesn't change the jurisdictional analysis. *See* ECF 7, at 6-8. "Chapter 2 mandates that any commercial arbitral agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention. 9 U.S.C. § 202." *Jain v. de Méré*, 51 F.3d 686, 689 (7th Cir. 1995). And a covered arbitration agreement confers § 203 jurisdiction over an action if the action "relates to that [covered]

arbitration agreement or award." *Jones Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1138 (9th Cir. 2022).

Here, Appellees' alleged "legal relationship" for purposes of determining whether the alleged arbitration agreements fall under the Convention is with both Samsung and SEC. SEC is a party to two of the three arbitration agreements that all Appellees seek to invoke, *see* SA65-76 (Samsung Services Terms and Conditions), SA80-90 (End User License Agreement For Samsung Software), and is referenced in the third agreement, *see* SA33-62 (Samsung Galaxy S10 Terms & Conditions). *See* Dist. Ct. Doc. 1, at 2. Thus, the "arbitration agreement[s]" in question "aris[e] out of a legal relationship" that is not "entirely between citizens of the United States." 9 U.S.C. § 202. Appellees do not disagree, nor do they contest subject matter jurisdiction. *See* ECF 22, at 2.

**2.** This Court has appellate jurisdiction under 9 U.S.C. § 16(a)(3), which provides that an "appeal may be taken from ... a final decision with respect to an arbitration that is subject to [the FAA]."

*Wallrich* held that § 16(a)(3) confers appellate jurisdiction when a district court orders arbitration in connection with a petition to compel arbitration brought under 9 U.S.C. § 4: "once the court issues its arbitration

order (leaving nothing else for it to do), it renders a final decision that is appealable under § 16(a)(3)." 2024 WL 3249646, at * 3. The Court grounded its holding in the distinction between actions brought under 9 U.S.C. § 3, which involve "underlying substantive claims for relief," and actions brought under § 4, which do not involve such underlying claims because "the only issue before the district court is a petition to compel arbitration." *Id.* In a § 4 action, unlike in a § 3 action, an order compelling arbitration is "final" and "appealable" because it necessarily "resolve[s] the action's only claim for relief" and "end[s] the litigation on the merits" leaving "nothing more for [the court] to do but execute the judgment." *Id.* at *5.

Under *Wallrich*, this Court has appellate jurisdiction under § 16(a)(3). As in *Wallrich*, Appellees petitioned the district court to compel arbitration under 9 U.S.C. § 4. *See* Dist. Ct. Doc. 1, at 1. Because Appellees sought relief only under § 4, and did not advance any underlying substantive claims, "the only issue before the district court [was] a petition to compel arbitration." *Wallrich*, 2024 WL 3249646, at *3. Thus, "once the court issue[d] its arbitration order (leaving nothing else for it to do), it render[d] a final decision that is appealable under § 16(a)(3)." *Id. Wallrich* controls, and there is no way to distinguish it. This Court has appellate jurisdiction.

**B.** **Under *Wallrich*, Appellees failed to meet their evidentiary burden of showing that they each had a valid arbitration agreement with Samsung.**

*Wallrich* made clear that the "party seeking to compel arbitration bears the initial burden to show that an arbitration agreement exists." *Id.* at *5. Thus, the alleged consumers in *Wallrich* "bore the burden of producing a valid arbitration agreement with Samsung." *Id.* at *6. But they failed to carry their burden, because they pointed only to "(1) copies of their arbitration demands made before the AAA; (2) a spreadsheet containing their names and addresses; (3) copies of Samsung's terms and conditions; and (4) the AAA's determination that the consumers had met the AAA filing requirements." *Id.* None of that was "enough," this Court held, either individually or collectively. *Id.*

Here, as in *Wallrich*, Appellees bore "the burden of producing a valid arbitration agreement with Samsung," because they are the parties "seeking to compel arbitration." *Id.* And they, too, failed to carry their burden, because they relied on the same information that *Wallrich* deemed "not enough." *Id.* What's more, just like the alleged consumers in *Wallrich*, there's no question that at least 134 of the 806 Appellees for whom the district court compelled arbitration did not submit a declaration. *See* SA11-12. These

Appellees "had the opportunity to present their evidence, and they failed to do so." *Wallrich*, 2024 WL 3249646, at *7.

To be sure, some—but not all—Appellees "submitted declarations in support of their assent." SA11-12. But critically, Appellees' counsel submitted those declarations *with a reply* supporting their motion to compel after failing to carry their initial evidentiary burden, thus leaving Samsung with no opportunity to propose discovery or otherwise meaningfully respond. "Summary judgment is the proverbial put up or shut up moment in a lawsuit." *Wallrich*, 2024 WL 3249646, at *7. Appellees' eleventh-hour attempts are too little too late. Additionally, the declarations, all of which are substantially identical, are conclusory: they simply repackaged the petition's generic allegations by uniformly asserting that the Appellees used unspecified Samsung devices at unspecified times. *See, e.g.*, SA243 (single declaration referring to a range of 44 products: "I've used a Samsung Galaxy smartphone ('Smartphone') model S8 or higher").

**C.** **Under *Wallrich*, the district court erred in compelling arbitration and payment of fees because arbitral-fee issues are for the arbitral body, not a court, to decide, and here, the AAA did not order Samsung to arbitrate or pay fees.**

Even assuming some of the Appellees carried their burden of proof, *Wallrich* still mandates reversal, because Appellees, just like the alleged consumers in *Wallrich*, "cannot compel Samsung to pay the AAA's administrative fees." 2024 WL 3249646, at *9. That's because the alleged arbitration agreements, both here and in *Wallrich*, "delegated threshold arbitration fee disputes to the AAA," which has unfettered "discretion over the payment of administrative filing fees." *Id.* at *7. And once the AAA "terminated the arbitration within its discretion" without ordering Samsung to arbitrate or pay fees, both here and in *Wallrich*, "the district court did not have the authority to flout the parties' [alleged] agreement and disturb the AAA's judgment." *Id.*

In *Wallrich*, after Samsung declined to pay its share of the fees, and after the alleged consumers refused to advance those fees, the AAA chose to terminate the arbitration proceedings, "opening the door for the [alleged] consumers to pursue their claims in district court." *Id.* The alleged consumers instead "sought an order compelling Samsung to arbitrate and to pay the

required fees." *Id.* That request, *Wallrich* explained, "was outside the district court's authority." *Id.* "The parties [allegedly] bargained for the AAA's discretion," which the AAA exercised when it closed the arbitrations without ordering Samsung to pay fees. *Id.* "[T]he district court did not have the authority to … disturb" the AAA's decision. *Id.*

Here, the AAA declined the parties' joint request—made the day Samsung's portion of the filing fees became due—to stay the arbitrations pending mediation. Instead, the AAA chose to administratively close the arbitration proceedings while the parties tried mediation, and it did so, just as in *Wallrich*, without ordering Samsung to pay fees. The AAA made clear that Appellees could refile their arbitration demands if mediation failed. Appellees never refiled their arbitration demands. They instead asked a federal court to compel Samsung to arbitrate and pay the filing fees. *See supra* pp. 7-8. But Samsung didn't refuse to pay the fees when it moved jointly with Appellees for a stay pending mediation the day the fees became due. And even if it had, the AAA rules and the alleged contracts placed any resulting fees question within the AAA's, not the court's, bailiwick. Thus, Appellees' "request was outside the district court's authority." *Wallrich*, 2024 WL 3249646, at *7. Just as in *Wallrich*, "[t]he AAA considered the dispute and

terminated the arbitration within its discretion. At that point, arbitration was complete, and the district court did not have the authority to flout the parties' [alleged] agreement and disturb the AAA's judgment." *Id.*

## CONCLUSION

*Wallrich* controls every issue in this appeal: the Court has jurisdiction under 9 U.S.C. § 16(a)(3); Appellees failed to meet their burden of showing that they had a valid arbitration agreement with Samsung; and the district court erred in compelling arbitration and payment of fees because arbitral-fee issues are for the arbitral body, not a court, to decide. The Court should therefore reverse the district court's order here as well.

Dated: July 15, 2024

Respectfully submitted,

_/s/ Shay Dvoretzky_

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Shay Dvoretzky
  _Counsel of Record_
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
Kopecky Schumacher
  Rosenburg LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

_Counsel for Respondent-Appellant Samsung Electronics America, Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I electronically filed this statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 15, 2024

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Respondent-Appellant*
*Samsung Electronics America, Inc.*