No. 24-1274

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

MELANIE HOEG, *et al.*,

Petitioners-Appellees,

vs.

SAMSUNG ELECTRONICS AMERICA, INC.,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois

PETITIONERS-APPELLEES' STATEMENT OF POSITION PURSUANT TO
THE COURT'S MARCH 18, 2024 ORDER

ROBBINS GELLER RUDMAN
 & DOWD LLP
STUART A. DAVIDSON
DOUGLAS S. WILENS
MARK DEARMAN
LINDSEY H. TAYLOR
ALEXANDER C. COHEN
225 N.E. Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000

MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC
GARY M. KLINGER
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866/252-0878

MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC
JONATHAN B. COHEN
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: 813/699-4056

*Counsel for Petitioners-Appellees*

- 1 -

Petitioners-Appellees Melanie Hoeg, *et al.* (collectively, "Appellees"),[1] respectfully submit this Statement in response to the Court's Order of March 18, 2024, directing the parties to file "statements of position within 14 days of a decision" in *Wallrich v. Samsung Elecs. Am., Inc.*, No. 23-2842, --- F.4th ---, 2024 WL 3249646 (7th Cir. July 1, 2024). Appellees acknowledge that *Wallrich* resolves some issues presented in this appeal. But *Wallrich* does not resolve the appeal in its entirety and the Court may affirm in part the District Court's order compelling Samsung Electronics America, Inc. ("Samsung") to arbitration.

***First***, unlike *Wallrich*, Appellees have established valid arbitration agreements. Appellees' averred and uncontested declarations show that they used Samsung Galaxy products and that within the product packaging, and as condition of activating the product, they were presented with arbitration agreements to which they did not opt-out. The District Court examined both the declarations and Samsung's Terms & Conditions and found that "[Appellees'] evidence is more than sufficient to show their assent to Samsung's arbitration agreement and have summarily shown that a valid arbitration agreement exists." Dist. Ct. ECF No. 57 at 11.

---

[1] Petitioners are 806 individuals who initiated arbitration proceedings against Respondent-Appellant Samsung Electronics America, Inc. ("Samsung").

Indeed, under *Wallrich*, "[t]he consumers could have submitted *almost anything* to meet their burden of proving the existence of an arbitration agreement. For example, they could have submitted receipts, order numbers, or confirmation numbers from their purchases of Samsung devices. Or even more directly, they could have submitted declarations attesting to the allegations in their arbitration demands." *Wallrich*, 2024 WL 3249646, at *7 (emphasis added). Appellees have done so here, thus distinguishing this appeal from *Wallrich*.

**Second**, Samsung may be compelled to arbitration notwithstanding *Wallrich's* determination that "the consumers cannot compel Samsung to pay the AAA's administrative fees." *Id.*, at *9. Because Appellees have valid arbitration arguments, Samsung refused to arbitrate, and the AAA did not excuse Samsung's wholesale refusal to pay AAA's fees (or tell Appellees that they can pay Samsung's fees to continue the arbitration), Appellees are entitled to an order compelling arbitration in accordance with AAA's rules. And once compelled to arbitration, the AAA may issue an order addressing Samsung's refusal to pay its share of fees. In this respect, the District Court did not err. *See Brooks v. WarnerMedia Direct, LLC*, No. 23 CIV. 11030 (KPF), 2024 WL 3330305, at *7 (S.D.N.Y. July 8, 2024) (distinguishing *Wallrich* because "the AAA has not excused Respondent's failure to pay those fees or asked Petitioners to advance the fees on Respondent's behalf," and the court "need

only compel the parties to proceed to arbitration in accordance with the AAA's rules.").

Accordingly, Appellees respectfully submit that *Wallrich* does not resolve the instant appeal and the Court should either lift the stay or remand to the District Court for reconsideration in light of *Wallrich*.

DATED: July 16, 2024

ROBBINS GELLER RUDMAN
 & DOWD LLP
STUART A. DAVIDSON
DOUGLAS S. WILENS
MARK DEARMAN
LINDSEY H. TAYLOR
ALEXANDER C. COHEN

*/s/ Stuart A. Davidson*
STUART A. DAVIDSON

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
sdavidson@rgrdlaw.com
dwilens@rgrdlaw.com
mdearman@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com

MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC
GARY M. KLINGER
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866/252-0878
gklinger@milberg.com

- 4 -

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
JONATHAN B. COHEN
3833 Central Avenue
St. Petersburg, FL 33713
Telephone: 813/699-4056
jcohen@milberg.com

Attorneys for Petitioners-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

                                                      */s/ Stuart A. Davidson*
                                                        Stuart A. Davidson